[No. C055100. Third Dist. Aug. 14, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY JEMEL NELMS, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts III through VI of the Discussion.

COUNSEL

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Jamie A. Scheidegger, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**HULL, J.**—Defendant was convicted by a jury of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) and smuggling a controlled substance into a prison or jail (Pen. Code, § 4573; further undesignated section references are to the Penal Code). Following discharge of the jury, defendant admitted three prior prison terms for felony convictions (§ 667.5, subd. (b)) and was sentenced to an aggregate term in state prison of five years.

Defendant appeals, contending (1) his conviction for smuggling a controlled substance into a prison or jail is not supported by substantial evidence and violates his Fifth Amendment rights; (2) the jury was erroneously instructed on the offense of possessing a controlled substance in a prison or jail rather than smuggling a controlled substance into a prison or jail; (3) the trial court was required to stay the sentence on the simple possession charge; and (4) the abstract of judgment must be amended to reflect the correct award of presentence credits. The People concede the jury was not properly instructed on the smuggling charge but request that we reduce the conviction to the offense on which the jury was instructed.

While this matter was pending on appeal, the trial court granted defendant's motion to recall the sentence pursuant to section 1170, subdivision (d). Thereafter, defendant moved to dismiss his smuggling conviction altogether. The People did not oppose the motion, and it was granted by the trial court. The court then resentenced defendant on the remaining count and enhancements to four years four months in state prison.

This court received no notice of the foregoing. On December 11, 2007, we issued an opinion on defendant's appeal in which we reversed defendant's conviction on the smuggling charge because of instructional error. However, we further concluded the offense of possession of a controlled substance in a prison or jail (§ 4573.6) is a lesser included offense of smuggling a controlled substance into a prison or jail under the circumstances of this case. Therefore, we remanded to give the trial court an opportunity to exercise its discretion to amend the information to conform to proof and to enter a new conviction on the lesser offense. We also concluded defendant's other contentions on appeal either need not be resolved or are moot. We issued our remittitur on February 13, 2008.

On March 7, 2008, the trial court issued a minute order acknowledging the remittitur but stating, in light of its earlier dismissal of the smuggling count: "[I]t does not appear that any further resentencing action need be taken at this time. Indeed, it may be that the Third District Court of Appeal will wish to recall its remittitur on its own motion or the parties might wish to seek a recall of the remittitur, in light of the dismissal of Count 2 and the resentencing that took place while the appeal was pending."

As suggested by the trial court, we recalled our remittitur and vacated our prior opinion. However, we requested supplemental briefing on the issue of whether the trial court exceeded its jurisdiction in dismissing the smuggling conviction while the case was pending on appeal. Defendant submitted a supplemental brief arguing the court did not exceed its jurisdiction. In addition, defendant filed a notice of abandonment of his appeal. The People submitted a responsive brief agreeing with defendant that the trial court did not exceed its jurisdiction. The People did not respond to defendant's notice of abandonment.

We conclude that, once the record has been filed in this court, an appellant may abandon the appeal, but it is for us to decide if the appeal shall be dismissed. Under the circumstances presented here, we decline to dismiss the appeal. As we shall explain, the trial court exceeded its jurisdiction in dismissing the smuggling count. Therefore, such dismissal is of no force and effect. We shall reissue our opinion in order to allow the trial court an opportunity to resolve defendant's smuggling conviction.

FACTS AND PROCEEDINGS

In light of the issues raised on appeal, the facts may be briefly stated. At approximately 1:53 a.m. on January 20, 2006, defendant was stopped by police while driving along Highway 99 in Sacramento. He was thereafter lawfully arrested and transported to the Sacramento County Jail. During

processing at the jail, defendant took off his shoes and socks as part of a search by jail personnel. When defendant took off one of his socks, officers observed two small off-white rocks fall to the floor. The rocks weighed .44 grams and tested positive for cocaine.

DISCUSSION

I

*Dismissal of the Appeal*

In light of the trial court's dismissal of the smuggling charge, defendant has filed a notice of abandonment of his appeal. The People have filed no opposition.

California Rules of Court, rule 8.316, permits abandonment of an appeal. It reads in relevant part:

"(a) How to abandon

"An appellant may abandon the appeal at any time by filing an abandonment of the appeal signed by the appellant or the appellant's attorney of record.

"(b) Where to file; effect of filing

"(1) If the record has not been filed in the reviewing court, the appellant must file the abandonment in the superior court. The filing effects a dismissal of the appeal and restores the superior court's jurisdiction.

"(2) If the record has been filed in the reviewing court, the appellant must file the abandonment in that court. The reviewing court *may* dismiss the appeal and direct immediate issuance of the remittitur." (Italics added, boldface omitted.)

 Under the express language of this provision, where an appeal is abandoned before the record is filed in the reviewing court, a notice of abandonment effects a dismissal of the appeal without any trial court action. However, once the record has been filed in the reviewing court, dismissal of the appeal is within the reviewing court's discretion. (See *People v. Wright* (1969) 275 Cal.App.2d 738, 739, fn. 1 [80 Cal.Rptr. 335].)

■ Here, as we shall explain, the trial court exceeded its jurisdiction in dismissing the smuggling charge while the case was pending on appeal. Therefore, the dismissal was of no force and effect. Although defendant's abandonment of his appeal is an attempt to preserve the trial court's dismissal of the smuggling charge, the effect of dismissing the appeal would instead be to preserve the conviction. Furthermore, in order to alert the trial courts to the limits of their jurisdiction under section 1170, subdivision (d), we decline to dismiss this appeal.

II

*Dismissal of the Smuggling Count*

We next address the impact of the trial court's actions after defendant filed his notice of appeal.

■ As a general matter, "[t]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur." (*People v. Perez* (1979) 23 Cal.3d 545, 554 [153 Cal.Rptr. 40, 591 P.2d 63].) By the same token, the notice of appeal divests the trial court of subject matter jurisdiction. (*People v. Cunningham* (2001) 25 Cal.4th 926, 1044 [108 Cal.Rptr.2d 291, 25 P.3d 519]; *People v. Murphy* (1969) 70 Cal.2d 109, 116 [74 Cal.Rptr. 65, 448 P.2d 945].) "Because an appeal divests the trial court of subject matter jurisdiction, the court lacks jurisdiction to vacate the judgment or make any order affecting it. [Citations.] Thus, action by the trial court while an appeal is pending is null and void. [Citations.] Indeed, '[s]o complete is this loss of jurisdiction effected by the appeal that even the consent of the parties has been held ineffective to reinvest the trial court with jurisdiction over the subject matter of the appeal and that an order based upon such consent would be a nullity.' [Citation.]" (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472–1473 [71 Cal.Rptr.3d 139].)

■ "The purpose of the rule depriving the trial court of jurisdiction pending appeal ' "is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment . . . by conducting other proceedings that may affect it." [Citation.]' " (*People v. Alanis, supra*, 158 Cal.App.4th at p. 1472.)

There are, however, exceptions to the general rule. The trial court retains jurisdiction to vacate a void, but not a voidable, judgment. (*People v. Malveaux* (1996) 50 Cal.App.4th 1425, 1434 [59 Cal.Rptr.2d 371].) "A judgment is void rather than voidable only if the trial court lacked subject matter jurisdiction." (*Ibid.*) The trial court also retains jurisdiction to correct clerical errors in the judgment (*People v. Alanis, supra,* 158 Cal.App.4th at p. 1473) or to correct an unauthorized sentence (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1424 [72 Cal.Rptr.3d 340]). Finally, under section 1170, subdivision (d), the trial court retains jurisdiction to recall a sentence in a criminal matter and to resentence the defendant notwithstanding the pendency of an appeal. (*Portillo v. Superior Court* (1992) 10 Cal.App.4th 1829, 1836 [13 Cal.Rptr.2d 709].)

In the present matter, the trial court recalled the sentence under section 1170, subdivision (d). Both defendant and the People contend this recall afforded the trial court the authority to dismiss the smuggling count. However, as we shall explain, that recall was limited to resentencing and did not give the court authority to modify the judgment of conviction.

■ Section 1170, subdivision (d), reads: "When a defendant subject to this section . . . has been sentenced to be imprisoned in the state prison and has been committed to the custody of the secretary, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced . . . ." By its express terms, section 1170, subdivision (d), is limited to sentencing and says nothing about modifying the judgment.

In the present matter, the trial court recalled defendant's sentence under section 1170, subdivision (d). However, rather than merely resentencing him, the court first dismissed one of the counts on which he was convicted, thereby altering the judgment itself. Then, based on this modified judgment, the court imposed a new sentence.

In *Dix v. Superior Court* (1991) 53 Cal.3d 442 [279 Cal.Rptr. 834, 807 P.2d 1063] (*Dix*), the California Supreme Court concluded section 1170, subdivision (d), "permits recall and resentencing for any otherwise lawful reason, not simply to correct a 'disparate' sentence." (53 Cal.3d at p. 460.) Read broadly, this language would suggest a trial court retains jurisdiction to recall a sentence not only to change the sentence but "for any otherwise lawful reason." (*Ibid.*) However, a closer look at *Dix* reveals the Supreme Court intended something much more limited.

In *Dix*, the defendant, Bradley, was convicted on a charge of assault with a firearm and sentenced to seven years in state prison. Thereafter, Bradley agreed to testify in another matter in exchange for a modification of his sentence. At the prosecutor's request, the trial court recalled Bradley's sentence under section 1170, subdivision (d), and delayed resentencing pending the completion of Bradley's testimony in the other matter. However, in the meantime, the victim of Bradley's assault filed a petition for writ of prohibition and/or mandamus in the Court of Appeal seeking to prevent the court from resentencing Bradley. The appellate court issued a peremptory writ directing the trial court to vacate its recall of the sentence, concluding section 1170, subdivision (d), permits recall only to correct a sentencing disparity and not based on events occurring after sentencing. (*Dix, supra*, 53 Cal.3d at pp. 448–450.)

In *Dix*, the issue presented was whether section 1170, subdivision (d), permits recall and resentencing only for the purpose of eliminating disparity and promoting uniformity in sentencing. (*Dix, supra*, 53 Cal.3d at p. 455.) It was in answer to this question that the high court reached the conclusion, quoted above, that a trial court may recall and resentence for any lawful reason, not simply to correct a disparate sentence. (*Id.* at p. 460.) In other words, the motivation for the court's recall of the sentence is not limited to correcting a disparate sentence but may include other lawful reasons, such as providing the defendant an incentive for testifying for the prosecution in another matter. However, once the sentence is recalled, for whatever lawful reason, the court's authority remains limited to "resentenc[ing] the defendant in the same manner as if he or she had not previously been sentenced." (§ 1170, subd. (d).) As the high court summarized: "[W]e see no reason to conclude that section 1170[, subdivision] (d), contrary to its terms, limits the reasons why a trial court may exercise its statutory authority to recall and resentence. We hold that section 1170[, subdivision] (d) permits the sentencing court to recall a sentence for any reason which could influence sentencing generally, even if the reason arose after the original commitment. The court may thereafter consider any such reason in deciding upon a new sentence. After affording the victim the right to attend sentencing proceedings and express his or her views (§ 1191.1), the court may then impose any new sentence that would be permissible under the Determinate Sentencing Act if the resentence were the original sentence." (*Dix*, at p. 463.)

In the present matter, the trial court had no jurisdiction to dismiss the smuggling count once defendant filed his notice of appeal, even if the parties agreed to such action. And because the resentencing was premised on dismissal of the smuggling count, it too is of no force and effect. Thus, the matter before us remains as it was when defendant filed his notice of appeal.

There is one final point we must address. In an unpublished portion of this opinion, we conclude the smuggling count must be reversed because of instructional error. However, we remand to afford the trial court an opportunity to decide whether to amend the information to reduce the smuggling count to a lesser offense.

By agreeing to dismiss the smuggling count, the Sacramento County District Attorney has indicated her desire that this count be pursued no further. Therefore, it does not appear that either the district attorney or the trial court would have any interest in pursuing a lesser included offense.

However, once defendant filed his notice of appeal, representation of the People transferred from the district attorney to the Attorney General. The Attorney General has filed a brief in which he requests that we reduce the smuggling conviction to the lesser offense of possession of a controlled substance in a prison or jail. We have heard nothing further from the Attorney General in this regard. We therefore assume it is still the wish of the People that they be given an opportunity to seek conviction on the lesser offense.

III–VI[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The trial court's postconviction order dismissing count two is vacated for lack of subject matter jurisdiction.

The conviction on count two for smuggling a controlled substance into a prison or jail (Pen. Code, § 4573) is reversed. The conviction on count one for possession of a controlled substance (Health & Saf. Code, § 11350) is affirmed. The matter is remanded to the trial court with directions to determine whether to exercise its discretion to amend the information to conform to proof and, thereafter, to enter a new conviction on the lesser included offense of possession of a controlled substance in a prison or jail (Pen. Code, § 4573.6). If the court chooses to amend the information and enter the new conviction, the sentence imposed on count one must be stayed, with the stay to become permanent upon completion of the term imposed on the revised count two. If the court chooses not to amend the information and

[*]See footnote, *ante*, page 1465.

enter a new conviction, defendant must be resentenced on count one alone. In either event, presentence credits must be recalculated. The trial court shall prepare a new abstract of judgment reflecting the changes made and forward a copy to the Department of Corrections and Rehabilitation.

Blease, Acting P. J., and Davis, J., concurred.

On August 18, 2008, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied November 12, 2008, S166722.