Filed 3/14/13  P. v. Brown CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HERBERT BROWN,<br><br>Defendant and Appellant. | F064316<br><br>(Super. Ct. No. DF10417A)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

Rex Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Wiseman, Acting P.J., Kane, J. and Peña, J.

## INTRODUCTION

Appellant Herbert Brown contends the parole revocation fine imposed pursuant to Penal Code[1] section 1202.45 at the time of his original sentence should be stricken. Respondent maintains that because the original sentence was recalled, the fine is no longer an issue. Respondent does acknowledge, however, that if the court were to find imposition of the fine remained in effect, the fine should be stricken. The court finds that when the trial court recalled its original sentence, imposition of the fine was effectively vacated. Therefore, the court will affirm the sentence imposed April 17, 2012.

## PROCEDURAL BACKGROUND

In a felony complaint filed June 15, 2011, the Kern County District Attorney alleged appellant committed two violations of indecent exposure pursuant to section 314, subdivision 1. It was further alleged, as to both counts, that appellant had seven prior strikes within the meaning of section 667, subdivisions (c) through (j), and section 1170.12, subdivisions (a) through (e).

On June 20, 2011, appellant was arraigned; the court entered not guilty pleas, and all allegations were denied. The public defender was appointed.

Assisted by counsel, on December 19, 2011, appellant pled no contest to one count of indecent exposure pursuant to a plea bargain. The second count alleged was dismissed by the People in the furtherance of justice.

Thereafter, appellant moved to withdraw his plea, alleging it was entered by mistake, ignorance, or incomplete legal advice. The People opposed the motion, and appellant replied thereto.

On January 25, 2012, the court denied appellant's motion and proceeded to sentencing. In accordance with the plea bargain, the court denied probation and sentenced appellant to a total state prison term of six years. It also assessed a number of

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

fines and fees, including a restitution fine pursuant to section 1202.4 and a parole revocation fine pursuant to section 1202.45.

Appellant filed a notice of appeal on January 25, 2012. On February 29, 2012, appellant filed an amended notice of appeal.

On April 17, 2012, the trial court recalled its earlier sentence. After amending count 1 of the complaint to allege a misdemeanor violation of section 314, the trial court denied probation and sentenced appellant to 447 days in custody. He was also required to register as a sex offender pursuant to section 290. Appellant then received credit for a total of 447 days.

## FACTUAL BACKGROUND[2]

On June 3, 2011, while in the custody of California Department of Corrections and Rehabilitation, appellant was observed by a female correctional officer to be engaging in lewd conduct. Specifically, his pants were down around his ankles and he was masturbating in his cell. Despite being asked to stop, appellant continued through to sexual release. Thereafter, he was extracted from his cell and housed in the administrative segregation unit.

### The Fine Imposed Pursuant to Section 1202.45, a Parole Revocation Fine, Was Vacated When the Court Recalled Its Original Sentence and Subsequently Resentenced Appellant to a Misdemeanor Term and Credit for Time Served

Appellant maintains that a parole revocation fine imposed when he was originally sentenced to a term of six years in state prison should be stricken as a result of resentencing where he was sentenced as a misdemeanant. Respondent contends that when the trial court recalled its original sentence, that sentence was vacated and, hence, no parole revocation fine remains outstanding. The court agrees.

At the time of appellant's sentencing, section 1202.45 provided that

---

[2]The statement of facts is taken from the probation officer's report.

"[i]n every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional parole revocation restitution fine shall not be subject to penalty assessments …, and shall be suspended unless the person's parole is revoked." (Former § 1202.45.)

"A sentence resulting in imprisonment in the state prison pursuant to Section 1168 or 1170 shall include a period of parole supervision or postrelease community supervision, unless waived, or as otherwise provided in this article." (§ 3000, subd. (a)(1).)

Because appellant originally received a commitment to state prison, imposition of the parole revocation fine was required on January 25, 2012. Nonetheless, the trial court later granted a defense motion to recall the sentence imposed on that date.

Section 1170, subdivision (d) provides that a trial court can recall a sentence on its own motion within 120 days after committing a defendant to prison. (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.) It may do so for any lawful reason rationally related; it is not limited to correcting a disparate sentence. (*People v. Nelms* (2008) 165 Cal.App.4th 1465, 1473; *People v. Alanis* (2008) 158 Cal.App.4th 1467, 1475.) Here, the trial court recalled its sentence within the required time frame, or approximately 83 days after appellant was originally sentenced. Additionally, it appears the trial court did so for a reason rationally related to lawful sentencing. At resentencing, reference was made to a 1987 abstract of judgment, and it can be reasonably inferred the document affected subsequent treatment of the crime.

Further, the statute specifies how the offender is to be resentenced: "as if he or she had not previously been sentenced." (§ 1170, subd. (d).) Thus, the trial court's recall of the original sentence placed appellant in a position similar to that as if he had not been sentenced at all. In effect, then vacating all fines imposed on January 25, 2012.

Because appellant was resentenced to a term of 447 days in custody, and was given credit for time served,[3] the sentence imposed on April 17, 2012, did not include a period of parole. In the absence of a sentence including a period of parole, that sentence would not include a parole revocation fine.[4] In fact, when the trial court resentenced appellant, it made no mention of any fine, nor did it impose any fine.

Therefore, the court finds that the trial court's recall of the original sentence that provided for a period of parole, in favor of a later sentence that did not, effectively vacated any fine previously imposed pursuant to section 1202.45.

## DISPOSITION

The judgment imposed April 17, 2012, is affirmed.

---

[3]Appellant served 299 actual days and received 148 days of good and work time credits, for a total of 447 days.

[4]See, e.g., *People v. Cruz* (2012) 207 Cal.App.4th 664, 671-672 (defendant who is not subject to state parole period after sentence completed is not subject to parole revocation restitution fine). See also *People v. Battle* (2011) 198 Cal.App.4th 50, 63 (indeterminate sentence of life without possibility of parole precluded imposition of parole revocation fine); *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505 (same); *People v. Jenkins* (2006) 140 Cal.App.4th 805, 819 (same).