Filed 7/23/15  In re J.H. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re J.H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.H.,<br><br>    Defendant and Appellant. | A142899<br><br>(Sonoma County<br>  Super. Ct. No. 28851J) |

This is an appeal from the dispositional order entered in juvenile delinquency proceedings involving minor J.H. after the juvenile court found him in violation of the terms of the grant of deferred entry of judgment (DEJ) he received pursuant to Welfare and Institutions Code section 790 et seq.[1]  Minor challenges the sufficiency of the

---

[1]    "The DEJ provisions of [Welfare and Institutions Code] section 790 et seq. were enacted as part of Proposition 21, The Gang Violence and Juvenile Crime Prevention Act of 1998, in March 2000.  The sections provide that in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment.  Entry of judgment is deferred.  After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges.  The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed.  ([Welf. & Inst. Code], §§ 791, subd. (a)(3), 793, subd. (c).)"  (*Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556, 558.)

1

evidence supporting the juvenile court's finding. Having reviewed the record, we disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 31, 2013, a juvenile wardship petition was filed pursuant to Welfare and Institutions Code section 602, subdivision (a) (the petition) alleging that minor committed felony vandalism exceeding $400 in violation of Penal Code section 594, subdivision (a).[2] After minor was deemed eligible for DEJ, he admitted a single count of violating this Penal Code provision. The juvenile court then released him to the custody of his grandparents and ordered his participation in drug testing and school attendance.

At a dispositional hearing held on November 27, 2013, the juvenile court declared minor a ward of the court and placed him in the home of his grandparents subject to certain terms and conditions. On December 6, 2013, at the request of the probation department, the court reconsidered this disposition, revoked and vacated minor's wardship, and instead granted him DEJ subject to certain terms and conditions.

On June 20, 2014, a Request for Entry of Judgment and Notice of Noncompliance (notice) was filed pursuant to section 793, subdivision (a). This notice alleged that minor had obstructed a public officer in violation of Penal Code section 148, subdivision (a)(1). On August 18, 2014, a contested hearing was held with respect to this alleged violation at which the following evidence was presented.

On June 16 and 18, 2014, Santa Rosa Police Officer Paul Messerschmitt was acting as school resource officer for Montgomery High School. One of his duties in this role was to walk the school hallways to ensure students were in class. On June 16, the first day of summer school, Officer Messerschmitt encountered minor in the hallway on two or three occasions. Each time, after confirming minor was not carrying the requisite hall pass, Officer Messerschmitt instructed him to return to class. Minor, in turn, acted "very nonchalant, just kind of, yeah, whatever."

---

[2] All subsequent statutory references are to the Welfare and Institutions Code unless otherwise noted.

2

Two days later, on June 18, Officer Messerschmitt again encountered minor in the hallway at about 11:00 a.m. speaking with a student advisor. This time, minor confirmed to Officer Messerschmitt that he had a hall pass permitting him to drink water before returning to class. Minor approached the water fountain, took a drink, and remained standing there, prompting Officer Messerschmitt to instruct him to go to class. Minor began to walk slowly toward the classroom before doing "an about-face," turning around to return to the water fountain. Officer Messerschmitt thus told minor, "it's time to go back to class." Minor, however, refused, and continued walking toward the water fountain.

At this point, Officer Messerschmitt approached minor and told him several times to go to class, as he had already taken his drink of water. Minor, however, remained defiant, telling the officer: "no, I don't have to," before returning to the fountain for more water. In response, Officer Messerschmitt stepped in front of minor as "he stepped into [the officer] to get another drink." Officer Messerschmitt thus reacted by putting his hand up to push minor away from the water fountain, prompting minor to put his own hands up. Minor then yelled that Officer Messerschmitt had assaulted him, that he had no right to touch him, and that he was a "fucking retard." After this outburst, minor began to walk away with Officer Messerschmitt following behind him, repeatedly instructing him to stop. Minor refused and continued onward.

Eventually, Officer Messerschmitt was able to catch up to minor, at which point he grabbed minor's arm, put him in a wrist lock, and informed him he was under arrest for obstructing an officer in the performance of his duties. Officer Messerschmitt then took minor to the assistant principal's office, where he advised her about the incident. Minor, meanwhile, was verbally aggressive toward both Officer Messerschmitt and the assistant principal.

Following the contested hearing, the juvenile court found that minor had committed the alleged violation of Penal Code section 148, subdivision (a)(1). Judgment was thus imposed against minor. Pursuant to this judgment, minor was declared a ward of the court and ordered to reside in the home of his grandparents for a term of

confinement not to exceed 36 months.  On August 26, 2014, a timely notice of appeal was filed.

## DISCUSSION

Minor contends his conduct on the day in question did not rise to the level of a violation of Penal Code section 148, subdivision (a)(1), such that the juvenile court's finding that he violated the terms of DEJ and subsequent dispositional order declaring him a ward of the court must be reversed.[3]  We disagree based on the substantial evidence in the record supporting the juvenile court's judgment.

---

[3]    As an initial matter, the People raise the argument in the Respondent's Brief that, following minor's filing of the notice of appeal in this matter, the juvenile court acted in excess of its jurisdiction by dismissing minor's delinquency case.  The People seek to augment the record to include the juvenile court's order of dismissal, dated March 4, 2015, and ask this court to deem this order null and void.  We indeed agree with the general principle of law espoused by the People that " '[t]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur.' (*People v. Perez* (1979) 23 Cal.3d 545, 554 [153 Cal.Rptr. 40, 591 P.2d 63].) By the same token, the notice of appeal divests the trial court of subject matter jurisdiction. (*People v. Cunningham* (2001) 25 Cal.4th 926, 1044 [108 Cal.Rptr.2d, 291, 25 P.3d 519]; [citation].) 'Because an appeal divests the trial court of subject matter jurisdiction, the court lacks jurisdiction to vacate the judgment or make any order affecting it. [Citations.] Thus, action by the trial court while an appeal is pending is null and void. [Citations.]' " (*People v. Nelms* (2008) 165 Cal.App.4th 1465, 1471.)  Further, while minor properly notes that, in juvenile proceedings, the court retains jurisdiction to make subsequent orders for the welfare of the child based upon events occurring after the filing of the notice of appeal, we know of no authority authorizing the court to dismiss the juvenile proceedings in their entirety while an appeal is pending. (Cf. *In re Katherine R.* (1970) 6 Cal.App.3d 354, 356 ["Wardship, or jurisdiction over the person of a minor, is a continuing condition or status for the welfare of the child and changed circumstances must be considered in any proceeding concerning the child's status, even though such changed circumstances may develop during the pendency of an appeal"].)  In any event, we note that the record on appeal generally does not include acts taken by the trial court after the filing of the appellant's notice of appeal.  As such, we question why the People failed to first raise this fundamental jurisdictional matter in the juvenile court. (See *People v. Nelms, supra,* 165 Cal.App.4th at p. 1472 [a trial court retains jurisdiction to, among other things, vacate a void, but not a voidable, judgment].)  Nonetheless, for the sake of judicial economy, we grant the People's motion to augment and instruct the trial court on remand to reconsider its action in dismissing this matter during the pendency of minor's appeal. (*Kabran v. Sharp Memorial Hospital* (2015) 236

4

Penal Code section 148, subdivision (a)(1), provides in relevant part that "[e]very person who willfully resists, delays, or obstructs any public officer . . . in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished . . . ." To prove a violation of this statute, the prosecutor must prove: "(1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties. [Citations.] Defendant cannot be convicted of an offense against an officer engaged in the performance of official duties unless the officer was acting lawfully at the time. (*People v. Gonzales* (1990) 51 Cal.3d 1179, 1217 [275 Cal.Rptr. 729, 800 P.2d 1159].) 'The rule flows from the premise that because an officer has no duty to take illegal action, he or she is not engaged in "duties," for purposes of an offense defined in such terms, if the officer's conduct is unlawful. [Citations.]' (*Ibid*.)" (*People v. Simons* (1996) 42 Cal.App.4th 1100, 1108-1109.)

To name just some of the evidence in the record supporting the juvenile court's finding of a violation of Penal Code section 148, subdivision (a)(1), Officer Messerschmitt testified that, on the day in question, he repeatedly instructed minor to leave the water fountain and return to class. Minor, however, refused to obey the officer's commands. Shortly thereafter, minor took his defiance to another level, blatantly disobeying Officer Messerschmitt's instructions to leave the area and to drink no more water, by returning to the water fountain and leaning in to take another drink. In doing so, minor stepped forward, toward Officer Messerschmitt, prompting the officer to put his hand up and push minor back from the fountain. Minor then proceeded to verbally attack the officer, yelling profanities at him and claiming he had been assaulted. These resistive and obstructive acts by minor, directed against Officer Messerschmitt as

Cal.App.4th 1294, 1306 [a claim based on a lack of fundamental jurisdiction may be raised for the first time on appeal].) We express no view at this time regarding the appropriateness of dismissing minor's case.

5

the officer carried out his duty of patrolling the hallways to ensure students remained in class, sufficed to prove the alleged offense. (*People v. Simons, supra,* 42 Cal.App.4th at pp. 1108-1109.)

Despite this evidence, minor suggests Officer Messerschmitt acted unlawfully at the time of the alleged offense by pushing him at the water fountain, such that he cannot be held in violation of the statute. (*People v. Simons, supra*, 42 Cal.App.4th at p. 1109.) We disagree. The law clearly entitles an officer to employ reasonable force to detain or arrest a person, or in self-defense. Here, the juvenile court could reasonably find that Officer Messerschmitt acted lawfully when he placed his hand on minor to push him away from the water fountain given minor's repeated and ongoing refusal to comply with the officer's valid commands and his defiant movement toward the officer at the fountain. (See *People v. Jenkins* (2000) 22 Cal.4th 900, 1020 [disputed facts relating to the lawfulness of an officer's conduct are for the trier of fact to determine when the charged offense requires the officer to have been acting lawfully at the time the offense was committed].) No further evidentiary showing was, thus, required to support the juvenile court's finding of a violation and consequent dispositional order. Accordingly, the order is affirmed.

**DISPOSITION**

This matter is remanded to the juvenile court with the instruction to reconsider its March 4, 2015 order of dismissal during the pendency of minor's appeal. In all other regards, the juvenile court's judgment is affirmed.

_____

Jenkins, J.

We concur:

_____

Pollak, Acting P. J.

_____

Siggins, J.