Filed 10/27/20  P. v. Salazar CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073489 |
| v. | (Super.Ct.No. FVI19000357) |
| RICARDO MERINO SALAZAR, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Cara D. Hutson, Judge.  Dismissed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Daniel Rogers, Christopher Beesley and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.  INTRODUCTION

On February 6, 2019, R.H. was taking a nap at home when he was awakened by defendant and appellant, Ricardo Merino Salazar, banging on the back door of his home and speaking in an angry tone.  R.H. fled through the front door of his home and heard several gunshots on the way to a neighbor's house to call for help.  After defendant was detained by a sheriff's deputy, R.H. discovered that his home had been broken into, and various items of property had been damaged.

As a result of this incident, defendant was convicted by a jury of one count of burglarizing an occupied residence (Pen. Code,[1] § 459, count 1); one count of discharging a firearm in a grossly negligent manner (§ 246.3, subd. (a), count 2); and one count of misdemeanor vandalism (§ 594, count 3).  Additionally, the jury found true an allegation that defendant used a firearm during the commission of count 1.  (§ 12022.5, subd. (a).)  Defendant was sentenced to six years in state prison on count 1 and a consecutive term of eight months on count 2.

On appeal, defendant argues there was insufficient evidence to support his conviction on count 2 for discharging a firearm in a grossly negligent manner and, even if supported by sufficient evidence, his punishment on count 2 must be stayed pursuant to section 654.  However, following the issuance of our tentative opinion in this matter, defendant filed a notice of abandonment of his appeal.  We therefore exercise our discretion to dismiss the appeal.

---

[1]  Undesignated statutory references are to the Penal Code.

## II.  FACTS AND PROCEDURAL HISTORY

A.  *Facts and Charges*

On February 6, 2019, R.H. was taking a nap at home when he was awakened by a crashing noise.  He looked out the window, saw defendant pounding on the back door and breaking the windows, and heard defendant speaking angrily.  R.H. exited his home from the front door, heard several gunshots, ran to his neighbor's home, and called the police.

As a result of this incident, defendant was charged in an amended information with one count of first degree burglary (§§ 459, 667.5, subd. (c), count 1); one count of discharging a firearm in a grossly negligent manner (§ 246.3, subd. (a), count 2); and one count of felony vandalism (§ 594, subd. (a), count 3).  Additionally, the information alleged defendant personally used a firearm in the commission of count 1 and count 3. (§ 12022.5, subd. (a).)

B.  *Relevant Evidence at Trial*

### 1.  Testimony of R.H.

R.H. testified that in the afternoon on February 6, 2019, he was at home napping when he was awakened by a large crashing noise.  He walked to the hallway and saw defendant through a window.  Defendant was standing next to R.H.'s back door, banging on the window or door, and speaking as if very upset.  Prior to this incident, R.H. had met defendant while defendant was salvaging a nearby home, and the two had spent time socializing; but, R.H. was not aware of any arguments between them.  R.H. continued to

3

hear defendant pounding on his back door, so he ran out his front door to his neighbor's home. On his way to his neighbor's house, R.H. heard multiple gunshots.

R.H. arrived at his neighbor's home, and his neighbor called 911. When a sheriff's deputy arrived on the scene, R.H. told the deputy what had happened and watched as the deputy approached his home and found defendant. After the deputy took defendant into custody, R.H. walked through his home with the deputy and discovered that his back door was severely damaged, the doorjamb to his back door was broken, a hammer had been smashed into his television, broken plates were strewn across his floor, and some of his windows had been broken.

R.H. testified that he did not own a firearm and was not familiar with firearms. He further testified that following the incident, he discovered at least two holes in an interior wall near his back door. In a follow up question, the prosecutor referred to the holes as "the bullet holes that are on the interior of your wall." R.H. agreed with that characterization and stated the holes were in close proximity to a window that had been broken. R.H. was not cross-examined with respect to the testimony regarding the holes in his wall.

### 2. Testimony of Neighbor

R.H.'s neighbor testified that in the afternoon on February 6, 2019, he was preparing to leave for work when R.H. knocked on his door and asked to use his telephone. R.H. told him that there was an individual on R.H.'s property with a gun. The neighbor dialed 911 for R.H. and handed R.H. the telephone. During that time, the neighbor heard at least five "popping noises" that he recognized as gunshots coming from

R.H.'s home. The neighbor left for work after R.H. finished speaking with the 911 dispatcher.

On cross-examination, the neighbor admitted R.H. had lied to him in the past, and that it was not uncommon to hear popping noises in the area where they lived as a result of people using firearms recreationally.

### 3. Testimony of Sheriff's Deputy

A deputy with the San Bernardino County Sheriff's Department testified that on February 6, 2019, he was dispatched to a residence in response to a call of suspicious circumstances involving a firearm. The deputy arrived at the residence and encountered R.H. standing in the neighboring driveway. R.H. told him that defendant was in his front yard, and the deputy drove to R.H.'s property, parked his vehicle, and approached defendant while wielding a rifle.

The deputy verbally instructed defendant to show his hands and walk toward the deputy. Based upon the way defendant was walking, the deputy believed defendant was possibly intoxicated. While walking toward the deputy, defendant fell face first onto the ground; and the deputy proceeded to walk over, handcuff defendant, and detain him. Once detained, the deputy searched defendant's person for potential weapons and located six unspent rounds of ammunition and one spent cartridge casing. Other than falling, defendant appeared capable of understanding and complying with the deputy's instructions.

The deputy then searched a golf cart that defendant had been standing next to when the deputy first arrived on the scene. Underneath the seat of the golf cart, the

deputy located a loaded firearm with a round in the chamber, ready to fire. The ammunition within the firearm was the same caliber as that found on defendant's person. Additionally, the deputy located approximately five fired cartridge casings near the back door of R.H.'s residence.

The deputy explained that a semiautomatic firearm, such as the one located on R.H.'s property, requires independent trigger pulls in order to fire each shot. The deputy further explained that reloading the firearm requires some degree of strength and coordination.

C. *Verdict and Sentencing*

The jury found defendant guilty of one count of burglarizing an occupied residence (§ 459, count 1); one count of discharging a firearm in a grossly negligent manner (§ 246.3, subd. (a), count 2); and one count of misdemeanor vandalism (§ 594, count 3). Additionally, the jury found true the allegation that defendant used a firearm during the commission of count 1. (§ 12022.5, subd. (a).) Defendant was sentenced to six years in state prison on count 1 and an additional eight months on count 2.

### III. DISCUSSION

Following completion of briefing and issuance of our tentative opinion in this matter, defendant filed a notice of abandonment of his appeal. Once the record on appeal has been filed in the reviewing court, a party is not entitled to dismissal as a matter of right, and dismissal is instead within the reviewing court's discretion. (*People v. Nelms* (2008) 165 Cal.App.4th 1465, 1470.) We exercise our discretion to do so in this case, and defendant's appeal is dismissed.

6

## IV.  DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS                

J.

We concur:

McKINSTER          

Acting P. J.

RAPHAEL            

J.