Filed 7/12/21  P. v. Villa CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ANNA ROSA VILLA, Defendant and Appellant. | 2d Crim. No. B304324 (Super. Ct. No. KA062933) (Los Angeles County) ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on June 16 2021, be modified as follows:

1.  On page 1, first paragraph, the last sentence is changed to read:  "We conclude that the court did not abuse its discretion by declining to recall Villa's sentence and strike the one-year deadly weapon enhancement, and affirm."

2.  On page 2, second paragraph under FACTUAL AND PROCEDURAL HISTORY, the sentence beginning on line 3, "The trial court sentenced her to a prison term," is changed to

"The trial court sentenced her to a prison term of 26 years to life, including one year for the deadly weapon enhancement."

3. On page 3, last paragraph, the first sentence is changed to read: "Villa appeals and contends that the trial court abused its discretion by not recalling her sentence and striking the one-year weapon use enhancement. "

4. On page 4, footnote 3 is deleted.

5. On page 6, the first sentence of the first full paragraph is changed to read: "The trial court did not abuse its discretion when it declined to recall Villa's sentence and strike the enhancement."

6. The two-page concurrence by Justice Perren is deleted.

There is no change in the judgment.
Appellant's petition for rehearing is denied.

_____

GILBERT, P. J.          PERREN, J.          TANGEMAN, J.

Filed 6/16/21  P. v. Villa CA2/6 (unmodified opinion)
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANNA ROSA VILLA,<br><br>    Defendant and Appellant. | 2d Crim. No. B304324<br>(Super. Ct. No. KA062933)<br>(Los Angeles County) |


Anna Rosa Villa appeals the trial court's order denying the Secretary of the California Department of Corrections and Rehabilitation's (CDCR) recommendation that her sentence be recalled for resentencing pursuant to Penal Code section 1170, subdivision (d)(1).[1]  We conclude that the court did not abuse its discretion by declining to recall Villa's sentence and affirm.

This appeal concerns the trial court's exercise of discretion as well as its due process obligations when it receives a

---

[1] All statutory references are to the Penal Code.

recommendation from the CDCR to recall a defendant's sentence and impose resentencing.

*FACTUAL AND PROCEDURAL HISTORY*

On August 2, 2003, Villa stabbed to death a female employee at an El Monte bar. When Villa attempted to flee afterwards, bar patrons detained her until police officers arrived. Villa and the victim, former coworkers, had argued previously and the victim continued to bully and verbally abuse Villa. On one occasion, the victim threw a bottle at Villa and injured her forehead, requiring 11 stitches to suture. Weary of the abuse, Villa went to the victim's workplace to confront her and, in Villa's words, "lost control."

In 2004, a jury convicted Villa of first degree murder and found that she used a deadly weapon, a knife, during commission of the crime. (§§ 187, subd. (a), 189, 12022, subd. (b)(1).) The trial court sentenced her to a prison term of 26 years to life. In an unpublished opinion, we affirmed. (*People v. Villa* (Jan. 26, 2006, B177072).)

In 2019, the CDCR recommended that the trial court recall Villa's sentence and resentence her.[2] The CDCR provided the court with a detailed case summary and evaluation, reciting Villa's model inmate behavior and lengthy achievements during

_____

[2] The CDCR sent the recommendation to the Honorable Philip S. Gutierrez, the trial judge who presided over Villa's trial and imposed sentence in 2004. Judge Gutierrez was nominated and confirmed as a judge of the U.S. District Court for the Central District of California in 2007. (https://www.fjc.gov/history/judges/gutierrez-philip-s.) Consequently, a different judge of the Los Angeles Superior Court considered and ruled upon Villa's section 1170, subdivision (d)(1) recommendation.

her 15 years of incarceration. The evaluation noted her lack of criminal history, other than the present offense, and stated that she had a large support system of friends and family in the local community. Specifically, the evaluation detailed her participation in Alcoholics Anonymous, Narcotics Anonymous, Alternatives to Violence Project, and Conflict Resolution. The evaluation also praised Villa's aptitude for math and electronics, her ability to focus and persevere, and interest in her rehabilitation. During her incarceration, Villa had only one serious rules violation. The CDCR provided a copy of the recommendation to the Los Angeles County Public Defender and the Los Angeles District Attorney. The recommendation also noted that Villa had a parole consultation hearing for November 12, 2021.

On August 27, 2019, in an ex parte hearing, the trial court considered and denied the recommendation. The court stated that it had read and considered the CDCR evaluation, including the recitation of Villa's self-improvement and vocational efforts. In addition, the court reviewed Villa's court file and saw that her crime was a premeditated and revengeful act intending to seek revenge for an altercation that occurred several weeks previously. The court concluded that Villa was a violent threat to the community, but encouraged her to continue her path of self-improvement.

Villa appeals and contends that the trial court abused its discretion by not recalling her sentence and imposing a different one. She asserts that the court did not consider fully her post-conviction record, ameliorative changes in the sentencing laws, the need to reduce prison overcrowding, the COVID-19 pandemic, the best interests of justice, and the spirit of section 1170,

3

subdivision (d)(1).  Villa asserts that, at a minimum, the court should have struck her one-year weapon use enhancement. (§ 1385, subd. (c)(1).)  She also challenges the nature of the court's deliberation in her absence, and the lack of a court-appointed attorney.

## *DISCUSSION*[3]

Section 1170, subdivision (d)(1) authorizes the Secretary of the CDCR to recommend to the trial court that it recall a sentence and resentence the defendant for any lawful reason. The goal of the resentencing is to eliminate disparity of sentences and to promote uniformity of sentencing.  (*Ibid.*)  Section 1170, subdivision (d)(1) authorizes the court, "within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, . . . [to] recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."

The CDCR can only recommend to the trial court that it recall and resentence the defendant.  The court retains the authority to accept or decline the recommendation.  The statute is clearly permissive, not mandatory; it uses the verb "may," not "shall."  (*People v. Frazier* (2020) 55 Cal.App.5th 858, 866; *People*

---

[3] This is all for naught.  This opinion discusses the issue as presented by the parties.  Neither mentions the legal impossibility of changing the sentence for murder without first changing the verdict returned by the jury.  A verdict of first degree murder as charged in this case carries with it but one sentence:  25 years to life.  (§ 190, subd. (a).)  See masterful concurring opinion.

4

*v. Humphrey* (2020) 44 Cal.App.5th 371, 378.)  Although the CDCR's recommendation vests the court with authority to recall the defendant's sentence, the recommendation "is but an invitation to the court to exercise its equitable jurisdiction." (*Frazier*, at p. 866.)  The recommendation does not trigger a due process right to a hearing or to the recommended relief.  (*Ibid.*)

In deciding whether to recall a sentence pursuant to section 1170, subdivision (d)(1), the trial court may exercise its authority for any reason rationally related to lawful sentencing.  (*People v. Loper* (2015) 60 Cal.4th 1155, 1166.)  The statute expressly authorizes the court in resentencing to consider post-conviction factors, including the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence whether age, time served, and diminished physical condition have reduced the inmate's risk for violence, and any evidence reflecting a change of circumstances so that continued incarceration is no longer in the interest of justice.  (*People v. McCallum* (2020) 55 Cal.App.5th 202, 210.)

Section 1170, subdivision (d)(1) contains a two-step process. In the first step, the trial court decides whether to recall the sentence.  If not, the inquiry is ended.  If the court decides to recall the sentence, however, the inquiry moves onto the second step and the court holds a resentencing hearing.  "[S]ection 1170(d) permits the sentencing court to recall a sentence for any reason which could influence sentencing generally, even if the reason arose after the original commitment." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 463.)  We review the court's decision for declining to follow the CDCR's recommendation for an abuse of discretion.  (*People v. Frazier*, *supra*, 55 Cal.App.5th 858, 863; *People v. McCallum*, *supra*, 55 Cal.App.5th 202, 211 [the abuse of

5

discretion standard involves "abundant deference" to the court's ruling].)

The trial court did not abuse its discretion when it declined to recall Villa's sentence and resentence her. The trial judge stated that he had reviewed the CDCR evaluation packet as well as the court's file. The judge also acknowledged that Villa had taken academic and vocational classes and was endeavoring to improve herself. The ultimate decision to recall sentence rested with the court, not the CDCR. Here the court expressly considered Villa's positive post-conviction behavior, but reasonably concluded that the circumstances of her crime outweighed her good behavior. That Villa disagrees with the court's consideration and balancing of the various factors does not mean the court's decision is unreasonable. Reasonable minds could differ whether to grant or deny the request, reflecting that it was a discretionary judgment, not an error of law. The court reasonably drew inferences from the circumstances of Villa's crime and weighed her post-conviction efforts differently.

Moreover, we agree with precedent that Villa has no due process right to a hearing or appointment of counsel regarding the first step of a recall request pursuant to section 1170, subdivision (d)(1). (*People v. McCallum*, *supra*, 55 Cal.App.5th 202, 211-215; *People v. Frazier*, *supra*, 55 Cal.App.5th 858, 865-868.) Although these rights may apply if the trial court determined that Villa was eligible for resentencing, they do not apply where the court is merely deciding whether to recall sentence in the first instance. (*Frazier*, at p. 869 ["[T]he filing of the Secretary's recommendation letter inviting the court to exercise its jurisdiction pursuant to section 1170, subdivision (d)(1), to recall a sentence, without more, does not trigger a due

process right to counsel"].)  Moreover, as *McCallum* points out, "the Legislature was well aware of what language to use to require the trial court to hold a hearing before acting on a recommendation or petition to recall a sentence."  (*Id.* at p. 212; *id.* at p. 217 [section 1170, subdivision (e) requires the trial court to hold a hearing upon receipt of a CDCR recommendation to recall a sentence based upon compassionate release].)

*DISPOSITION*

The order is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

PERREN, J.

TANGEMAN, J.

PERREN, J.

I concur.

The opinion of the majority is wisely limited to the trial court's exercise of its discretion in appellant's resentencing. Neither party discusses the authority for such resentencing. I add my comments only to underscore the point for future consideration by the Department of Corrections and Rehabilitation.

In 2004 appellant was sentenced for first degree murder. The only sentence the trial court could impose was, "imprisonment in the state prison for a term of 25 years to life." (Pen. Code, § 190, subd. (a).[1])  It did so.

In 2019 the Secretary to the Department of Corrections and Rehabilitation sent a letter to the sentencing judge purporting "to provide the court with the authority to resentence [appellant]," and to recall the earlier sentence.  The letter concluded with the Secretary's recommendation that "the inmate's sentence be recalled and that she be resentenced."  I must ask, "To what?"  The indeterminate term was the only choice, the only option.  (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 457-459.) [2]

To achieve the result suggested by the Secretary would require changing the verdict before resentencing.  Such a result is

---

[1] All statutory references are to the Penal Code.

[2] Yes, appellant also received an additional determinate term of one year for the use of a knife.  (§ 12022, subd. (d).)  The trial court could have stricken the enhancement thereby reducing the sentence to 25 years to life from 26 years to life.  The issue sub judice is modification of the indeterminate sentence, not the verdict.  (*People v Espinosa* (2014) 229 Cal.App.4th 1487, 1498-1500.)

not contemplated under section 1170, subdivision (d)(1).  Section 1170, subdivision (d) is part of the "Determinate Sentencing Act." Appellant was sentenced to an indeterminate term to which the rules applicable to determinate sentencing do not apply.  (*Dix v. Superior Court*, *supra*, 53 Cal.3d at p. 457.)  "By its express terms, section 1170, subdivision (d), is limited to sentencing and says nothing about modifying the judgment."  (*People v Nelms* (2008) 165 Cal.App.4th 1465, 1472; see *People v. Espinoza* (229 Cal.App.4th 1487, 1498; Cal. Criminal Law: Procedure and Practice (Cont.Ed.Bar 2021) § 35.10, p. 1023 (Pronouncing Judgment).)[3]

I do not by my comments mean to diminish appellant's exemplary performance in prison as recounted my colleagues. Her remedy, however, is parole.

NOT TO BE PUBLISHED.

PERREN, J.

---

[3] The clarity of this distinction becomes a bit murky by references to indeterminate sentencing in subdivision (d)(2) of section 1170 pertaining to indeterminate sentences imposed on juveniles, and medical incapacitation pursuant to subdivision (e)(2) of section 1170.  (See also Cal. Code Regs., tit. 15, § 3076.)

Salvatore T. Sirna, Judge

Superior Court County of Los Angeles

_____

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.