Filed 6/4/21; Certified for Publication 6/17/21 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E076057 |
| v. | (Super.Ct.No. FRE03818-4) |
| TRAVIS BURHOP, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.   Michael A. Smith, Judge.  Reversed.

Jason Anderson, District Attorney, and Mark A. Vos, Deputy District Attorney, for Plaintiff and Appellant.

Richard Power, under appointment by the Court of Appeal, for Defendant and Respondent.

## I.  INTRODUCTION

On October 2, 2020, the superior court conducted a contested hearing and issued orders granting relief to defendant and respondent, Travis Burhop, on Mr. Burhop's petition to vacate his 2015 second degree murder conviction and to be resentenced pursuant to Penal Code section 1170.95.[1]  On October 2, the petition was the subject of a pending appeal in this court in *People v. Travis Burhop* (Aug. 28, 2020, E073709 [nonpub. opn.]) (*Burhop II*).  On August 28, 2020, this court issued its opinion in *Burhop II* and remanded the matter to the superior court for further proceedings on Mr. Burhop's petition.  But the remittitur in *Burhop II* was not issued until October 30, 2020.

Thus, in this appeal, the People claim that the October 2, 2020 orders adjudicating Mr. Burhop's section 1170.95 petition are null and void for lack of subject matter jurisdiction, given that the petition was the subject of the pending appeal in *Burhop II* and the remittitur in *Burhop II* had not yet issued.  We agree.  Thus, we reverse the October 2 orders and again remand the matter for further proceedings on the petition.

## II.  PROCEDURAL BACKGROUND

In 2001, a jury convicted Mr. Burhop of one count of first degree murder (§ 187, subd. (a)) and one count of premeditated attempted murder (§§ 664, subd. (a), 187, subd. (a)), and found that a principal was armed with a firearm in each count (§ 12022, subd. (a)(1)).  Mr. Burhop admitted one prison prior (former § 667.5, subd. (b)) in

---

[1] Undesignated statutory references are to the Penal Code.

2

exchange for striking the punishment on one of the two armed enhancements. Mr. Burhop was sentenced to 27 years to life in prison.  (*Burhop II*, *supra*, E073709.)

Mr. Burhop appealed, and we affirmed his judgment of conviction and sentence in *People v. Burhop* (Aug. 10, 2004, E032717 [nonpub. opn.]) (*Burhop I*).  In *Burhop I*, we held, among other things, that substantial evidence supported Mr. Burhop's first degree murder and premeditated attempted murder convictions under the natural and probable consequences doctrine.  (See *Burhop II*, *supra*, E073709.)  That is, we concluded that substantial evidence showed that Mr. Burhop intentionally aided and abetted an assault by means of force likely to produce great bodily injury, and that the murder and premeditated attempted murder were natural and probable consequences of the intended aggravated assault.  (*Ibid*.)  The evidence adduced at Mr. Burhop's trial is detailed in *Burhop I* and *Burhop II*, and it is unnecessary to recount that evidence here.

In 2015, Mr. Burhop filed a petition for writ of habeas corpus, which the parties settled by stipulating to reduce Mr. Burhop's first degree murder conviction to second degree murder, ostensibly pursuant to *People v. Chiu* (2014) 59 Cal.4th 155, 165-167 (*Chiu*) (aider and abettor cannot be convicted of first degree premeditated murder based on natural and probable consequences doctrine).  (See *Burhop II*, *supra*, E073709.) Mr. Burhop was then resentenced to 17 years to life in prison.  (*Ibid*.)

In 2019, Mr. Burhop filed his instant section 1170.95 petition in the superior court, seeking to vacate his 2015 second degree murder conviction and to be resentenced. (*Burhop II*, *supra*, E073709.)  The section 1170.95 petition was based on Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which, effective January 1, 2019,

amended the definition of murder in sections 188 and 189 "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, §§ 1, subd. (f), 2-3.) Senate Bill 1437 also added section 1170.95 to the Penal Code. (Stats. 2018, ch. 1015, § 4.) Section 1170.95 allows persons convicted of first or second degree murder, under the former felony murder rule or the natural and probable consequences doctrine, to petition the superior court to vacate their murder convictions and resentence them.

In 2019, the superior court initially denied Mr. Burhop's section 1170.95 petition on the ground that Senate Bill 1437 is unconstitutional. (*Burhop II*, *supra*, E073709.) Mr. Burhop appealed and, in *Burhop II*, we concluded that Senate Bill 1437 is not unconstitutional, following the decisions of other appellate courts. (*Burhop II*, *supra*, E073709.) Our decision in *Burhop II* was issued on August 28, 2020. In it, we reversed the order denying Mr. Burhop's section 1170.95 petition on constitutional grounds and remanded the matter to the superior court to conduct further proceedings on the petition. (*Burhop II*, *supra*, E073709.) The remittitur in *Burhop II* was issued on October 30, 2020.

On September 11 and 25, 2020, the court and defense counsel were about to conduct further proceedings on the petition based on our decision in *Burhop II*, but at the People's requests, the matter was continued—first to September 25, then to October 2. In court, on September 25, the court pointed out that the remittitur in *Burhop II* had not been issued.

4

On October 2, 2020, the court and counsel proceeded with the hearing on Mr. Burhop's 1170.95 petition, even though the remittitur in *Burhop II* had still not been issued. The remittitur was not mentioned at the October 2 hearing. At the hearing, the court vacated Mr. Burhop's second degree murder conviction in count 1 on the ground it was based on the natural and probable consequences doctrine, which is no longer a viable theory for first or second degree murder following the January 1, 2019 enactment of Senate Bill 1437.

On Mr. Burhop's attempted murder conviction in count 2, the court vacated the jury's finding that the attempted murder was willful, deliberate, and premeditated, thus reducing Mr. Burhop's applicable sentence on count 2 to a determinate term rather than an indeterminate life term. (§ 664, subd. (a).) In issuing this portion of its October 2 order, the court expressly extended *Chiu*, *supra*, 59 Cal.5th 155, and did not rely on section 1170.95, which by its terms does not apply to attempted murder.

The court then resentenced Mr. Burhop to a determinate term of 11 years, comprised of the upper term of nine years on count 2, his attempted murder conviction (§§ 664, subd. (a), 187, subd. (a)), plus two years for the principal-armed enhancement on count 2 (12022, subd. (a)(1)). The court observed that Mr. Burhop's time in custody since November 1999 "certainly" exceeded his new, determinate sentence of 11 years. The court stayed the execution of Mr. Burhop's new sentence for 60 days, in order to afford the People an opportunity to file a notice of appeal. The People timely appealed.

## III.  DISCUSSION

In this appeal, the People do not challenge the court's October 2, 2020 orders on their merits.  Rather, they claim only that the orders are null and void because they were made before the remittitur was issued in *Burhop II*, and were thus made while the court did not have subject matter jurisdiction to issue orders affecting Mr. Burhop's section 1170.95 petition.  We agree.  Thus, we reverse the October 2 orders and remand the matter for further proceedings on Mr. Burhop's petition.

Subject to limited exceptions, "[t]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur."  (*People v. Perez* (1979) 23 Cal.3d 545, 554; *People v. Scarbrough* (2015) 240 Cal.App.4th 916, 923.)  "[T]he essence of remittitur" (a Latin term meaning, " 'it is sent back' ") "is the returning or revesting of jurisdiction" to the lower court by the reviewing court.  (*Gallenkamp v. Superior Court* (1990) 221 Cal.App.3d 1, 8, 10.)  "Remittitur transfers jurisdiction back to the inferior court so that it may act upon the case again, consistent with the judgment of the reviewing court." (*Id*. at p. 10.)

Until the remittitur issues, the lower court lacks jurisdiction over the *subject matter* of the order or judgment on appeal.  (See *People v. Cunningham* (2001) 25 Cal.4th 926, 1044.)  Thus, any order the lower court makes affecting an order or judgment on appeal is null and void if made before the remittitur issues.  (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472-1473; *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660 [orders are null and void where court lacks

6

jurisdiction over the subject matter or the parties].)  "So complete is this loss of jurisdiction effected by the appeal that even the consent of the parties has been held ineffective to reinvest the trial court with jurisdiction over the subject matter of the appeal and that an order based upon such consent would be a nullity."  (*In re Lukasik* (1951) 108 Cal.App.2d. 438, 443.)

The purpose of the rule divesting the lower court of jurisdiction when an appeal is pending " 'is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided.  The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment . . . by conducting other proceedings that may affect it.' " (*Townsel v. Superior Court* (1999) 20 Cal.4th 1084, 1089; see *People v. Murphy* (1969) 70 Cal.2d 109, 116 [appeal stays all further proceedings in trial court upon order or judgment appealed and matter embraced therein].)

Here, the record shows that October 2, 2020 orders adjudicating Mr. Burhop's section 1170.95 petition are null and void as a matter of law.  This includes the October 2 order striking the premeditation finding on Mr. Burhop's attempted murder conviction in count 2.  Although the latter order was not authorized by section 1170.95, it was made pursuant to Mr. Burhop's petition for resentencing on his operative 2015 judgment of conviction and sentence.  On October 2, the petition was the subject of a pending appeal in *Burhop II*.  Although the decision in *Burhop II* was issued on August 28 and was final 30 days later, or before October 2 (see Cal. Rules of Court, rule 8.366(b)(1)), the court was not authorized to act on the decision until after the remittitur in *Burhop II* issued on

7

October 30. Thus, the October 2 orders are null and void for lack of subject matter jurisdiction over the petition in the lower court.

As indicated, there are a limited number of exceptions to the rule that a lower court lacks subject matter jurisdiction to issue orders affecting an order or judgment on appeal. For example, the lower court retains jurisdiction during the pendency of an appeal to set aside a void judgment, but not a voidable one. (*People v. Nelms* (2008) 165 Cal.App.4th 1465, 1472.) In addition, the lower court retains jurisdiction during the pendency of an appeal to correct an unauthorized sentence. (*Ibid.*; *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1424.) "A judgment is void rather than voidable only if the trial court lacked subject matter jurisdiction." (*People v. Malveaux* (1996) 50 Cal.App.4th 1425, 1434.) But an unauthorized sentence renders the unlawful part of a judgment of conviction and sentence void and correctable at any time, including during the pendency of an appeal. (*People v. Chagolla* (1983) 144 Cal.App.3d 422, 434.)

Mr. Burhop maintains that, because Senate Bill 1437 is retroactive, it rendered his original 2001 sentence, and his modified 2015 sentence of 17 years to life on his second degree murder conviction, unauthorized sentences in which the trial court retained jurisdiction to modify before the remittitur issued in *Burhop II*. We disagree.

An unauthorized sentence is one that could not lawfully be imposed under any circumstances in the particular case. (*People v. Scott* (1994) 9 Cal.4th 331, 354; *In re Sheena K.* (2007) 40 Cal.4th 875, 887.) Neither Mr. Burhop's original 2001 judgment of conviction and sentence, nor his 2015 judgment of conviction and sentence, which modified his 2001 murder conviction from first to second degree and reduced the term

imposed on the murder conviction to 17 years to life, included unauthorized sentences on the murder conviction at the times the judgments were rendered in 2001 and 2015.

Nor did the retroactive enactment of Senate Bill 1437 spontaneously render any part of Mr. Burhop's operative 2015 judgment of conviction and sentence unauthorized when the legislation became effective on January 1, 2019.  By adding section 1170.95 to the Penal Code, effective January 1, 2019, Senate Bill 1437 created a petitioning procedure by which a person convicted of felony murder or murder under a natural and probable consequences theory may petition the superior court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts, when certain conditions apply.  (§ 1170.95, subd. (a).)

Until a section 1170.95 petition is filed and adjudicated, with due process afforded to the People to contest the merits of the petition (see § 1170.95, subds. (c), (d)(1), (2)), the petitioner's existing judgment of conviction and sentence remains presumptively authorized and unaffected by Senate Bill 1437.  Mr. Burhop's argument would place the adjudication cart before the petition horse by spontaneously rendering all judgments of conviction and sentence that *may* be modifiable pursuant to a section 1170.95 petition unauthorized, at least in part, without a judicial determination of whether the petitioner is entitled to any relief under section 1170.95.  This would render the petition procedure of section 1170.95, and the People's due process right to contest such petitions, nullities.

Mr. Burhop points out that the constitutionality of Senate Bill 1437 was "not the subject of any arguments or orders made on October 2, 2020."  Thus, he suggests the court had subject matter jurisdiction to adjudicate his petition on October 2.  Again, we

9

disagree. As we have explained, the court unequivocally lacked subject matter jurisdiction to adjudicate Mr. Burhop's petition, as it did on October 2, given that the remittitur in *Burhop II* did not issue until October 30. The merits of Mr. Burhop's petition was very much the subject of the pending appeal in *Burhop II*.

On October 2, 2020, the merits of the petition, particularly the constitutionality of Senate Bill 1437, was the subject matter of the pending appeal in *Burhop II*. When the court adjudicated the petition on October 2, our August 28 decision in *Burhop II* was final in this court (Cal. Rules of Court, rule 8.366(b)(1)), but the People's right to petition the California Supreme Court for review of our decision in *Burhop II* had not expired. (Cal. Rules of Court, rules 8.368, 8.500(e) [petition for review must be served and filed within 10 days after Court of appeal decision is final in that court].)

Thus, on October 2, 2020, it was still possible for the People to file a petition for review in *Burhop II*, and for our Supreme Court to grant the petition, reverse our decision in *Burhop II*, and hold that Senate Bill 1437 was unconstitutional, and that Mr. Burhop was therefore not entitled to any relief on his petition. The court's October 2 adjudication of the petition interfered with this process by granting relief to Mr. Burhop on the petition, when the matter of the constitutionality of Senate Bill 1437, and Mr. Burhop's entitlement to any relief on his petition, was still unsettled.

## IV. DISPOSITION

The October 2, 2020 orders are reversed, and the matter is remanded to the superior court for further proceedings on Mr. Burhop's section 1170.95 petition.

FIELDS
                                                                    J.

We concur:

RAMIREZ
                    P. J.

RAPHAEL
                    J.

Filed 6/17/21

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

**ORDER**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E076057 |
| v. | (Super.Ct.No. FRE03818-4) |
| TRAVIS BURHOP, | ORDER CERTIFYING OPINION |
| Defendant and Respondent. | FOR PUBLICATION |

THE COURT

The request for publication of the nonpublished opinion filed in the above matter June 8, 2021, is GRANTED. The opinion meets the standards for publication as specified in California Rules of Court, rule 8.1105(c)(3).

IT IS SO ORDERED that said opinion filed June 4, 2021, be certified for publication pursuant to California Rules of Court, rule 8.1105(b).

FIELDS
J.

We concur:


RAMIREZ
P. J.


RAPHAEL
J.

1